FILED
2/8/2022 2:41 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-22-00652-E

CAUSE NO. _____

| | | |
|---|---|---|
| **ADRIANA BONNER AND QUENTIN BONNER, JR.** | § § § § | **IN THE COUNTY COURT** |
| *Plaintiffs,* | § | |
| v. | § § | **AT LAW\_\_\_\_** |
| **STERICYCLE SPECIALTY WASTE SOLUTIONS, INC., a.k.a. STERICYLE, INC.** | § § § § | |
| *Defendant* | § | **DALLAS COUNTY, TEXAS** |

**PLAINTIFFS' ORIGINAL PETITION**

Plaintiffs, **ADRIANNA BONNER AND QUENTIN BONNER, JR.**, file this original petition against Defendant **STERICYCLE SPECIALTY WASTE SOLUTIONS, INC., a.k.a. STERICYLE, INC.** and allege as follows:

### A. DISCOVERY-CONTROL PLAN

1. Pursuant to Texas Rules of Civil Procedure Rule 190.3, Plaintiffs request that discovery be conducted in accordance with Discovery Control Plan-Level 2.

### B. CLAIM FOR RELIEF UNDER RULE 47 T.R.C.P.

2. Plaintiffs sue for a claim for relief:

    a. This cause of action arises out of a claim for negligence involving a motor vehicle;

    b. Damages sought are within the jurisdictional limits of the court;

    c. Plaintiffs seek monetary relief over $250,000 but not more than $1,000,000.

    d. A demand for judgment for all the other relief to which the parties deem themselves entitled.

### C. PARTIES AND SERVICE

3. Plaintiff, **ADRIANA BONNER**, is an individual residing in Dallas County, Texas.

4. Plaintiff, **QUENTIN BONNER, JR.**, is an individual residing in Dallas County, Texas.

5. Defendant, **STERICYCLE SPECIALTY WASTE SOLUTIONS, INC., a.k.a. STERICYLE, INC.**, a foreign corporation organized and existing under the laws of Delaware, whose principal office is located at 2355 Waukegan Rd STE 300 Bannockburn, IL 60015-5501, may be served with process by serving its registered agent, C T CORPORATION SYSTEM, located at 1999 Bryan St., STE 900, Dallas, TX 75201.

### D. JURISDICTION AND VENUE

6. This Court has jurisdiction and venue over the parties and subject matter of these claims because the amount in controversy is within the jurisdictional limits of this Court, and the events giving rise to this cause of action occurred in Dallas County.

### E. FACTS

7. On or about February 8, 2020, Plaintiffs were travelling westbound in the left lane of IH20, west of IH-45. A large truck, driven by an employee or agent of Defendant STERICYCLE SPECIALTY WASTE SOLUTIONS, INC., a.k.a. STERICYLE, INC, veered into Plaintiffs' lane, colliding with Plaintiffs' vehicle, and resulting in substantial injuries to Plaintiffs, of which, Plaintiffs are still suffering to date. The driver then fled the scene.

## F. CAUSES OF ACTION

### 1. NEGLIGENCE

8. Plaintiffs replead and reiterate each and every particular of this petition, paragraphs A–E alleging further that the injuries which are made the basis of this lawsuit resulted from the improper conduct of Defendant by and through its employees or agents.

9. Plaintiffs further allege that (1) The defendant owed a duty to the plaintiffs, (2) the defendant breached that duty, (3) the defendant's action caused the plaintiffs' injuries, and (4) the plaintiffs' damages.

### a. Negligent Activity

10. The negligent activity and/or as a contemporaneous result of the activity itself, by Defendant and/or that of its employee(s), including but not limited to, hauling waste materials, and then, doing so in a negligent manner, as well as, other related activities and functions, constituted negligence and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiffs which is made the basis of this lawsuit.

11. Plaintiffs allege furthermore that on the occasion in question, Defendant, and one or more of its employees, agents, and servants, whom were, at all times relevant to this lawsuit, acting in the course and scope of their employment, were negligent toward the plaintiffs which proximately caused the injuries complained of in at least the following respects:

    a.    In failing to keep a proper lookout;
    b.    In failing to operate the vehicle in a reasonable and prudent manner;
    c.    In failing to check his surroundings;
    d.    Driver inattention/driving while distracted;
    e.    In failing to timely make application of his brakes;
    f.    In failing to swerve or otherwise maneuver his vehicle so as to avoid the collision made the basis of this lawsuit.
    g.    Failing to maintain a single lane of travel;
    h.    Any additional actions revelated as discovery progresses in this case.

12.     Each of the foregoing negligent acts and/or omissions, *inter alia*, whether taken singularly or, in any combination, was a proximate cause of Plaintiffs' injuries and damages which are described herein.

13.     In addition, the thing speaks for itself. The character of the injury is such that it would not have occurred without negligence and the instrumentality that caused the injury was under the sole management and control of the defendant when its activities were being performed.

## 2. NEGLIGENT HIRING, TRAINING, SUPERVISION AND/OR RETENTION

14.     Plaintiffs replead and reiterate each and every particular of this petition, paragraphs A-E, alleging further that:

   a. The employer owed the plaintiffs a legal duty to hire, supervise, train, or retain competent employees.

   b. The employer breached that duty.

   c. The breach proximately caused the plaintiffs' injuries.

15.     Defendant's negligent actions and/or omissions included, among other things, hiring incompetent and/or unqualified employees, and/or the failure of Defendant to properly train, supervise, and/or, the retention of its employee(s). Said negligent hiring, training, supervision, and/or retention, proximately caused Plaintiffs' injuries and damages. Plaintiffs seek compensation for Plaintiffs' injuries and damages within the jurisdictional limits of the Court.

## 3. GROSS NEGLIGENCE

16.     At the time of the incident, the employee or agent of **STERICYCLE SPECIALTY WASTE SOLUTIONS, INC., a.k.a. STERICYLE, INC.** was operating the vehicle with reckless

disregard of the rights of others and was the result of conscious indifference to the rights, welfare and safety of other motorists, pedestrians and other persons. The gross negligence of Defendant **STERICYCLE SPECIALTY WASTE SOLUTIONS, INC., a.k.a. STERICYLE, INC.** were a proximate cause of the damages suffered by Plaintiffs and therefore, Plaintiffs are entitled to recover punitive damages.

### G.  RESPONDEAT SUPERIOR

17.     Plaintiffs replead and reiterate each and every particular of this petition, paragraphs A-E alleging further that:

   a. The plaintiffs were injured as a result of a tort.

   b. The tortfeasor was an employee of the defendant.

   c. The tort was committed by the employee while acting within the scope of employment— that is, the act was:

   (1) within the employee's general authority;

   (2) in furtherance of the defendant's business; and

   (3) for the accomplishment of the object for which the employee was hired.

17.     Specifically, *inter alia*, at all times pertinent to the occasion in question, the truck driver was an employee and/or agent of Defendant and was acting within the course and scope of his employment with Defendant, in furtherance of Defendant's business, and for the accomplishment of the object for which the employee was hired.

18. On the occasion in question, the employee, while performing his activities on behalf of the Defendant, was negligent and proximately caused Plaintiffs' bodily injuries and other damages. Defendant is vicariously liable for its employee's negligence on the occasion in question through the doctrine of *respondeat superior*. As a result of the defendant's employee's negligence, Plaintiffs were injured, for which Plaintiffs seek compensation.

### H. DAMAGES

19. Defendant's breach of duty proximately caused injury to Plaintiffs, which resulted in the following damages:

   a. Physical pain and suffering in the past and future.
   b. Mental anguish in the past and future.
   c. Disfigurement in the past and future.
   d. Physical impairment in the past and future.
   e. Medical expenses in the past and future.
   f. Lost wages and/or loss of earning capacity in the past and future.
   g. Loss of enjoyment of life; and
   h. Pre-judgment interest and post-judgment interest. TEXAS FINANCE CODE §304.001, et seq., and any other applicable law.

### I. T.R.C.P. 193.7 NOTICE OF SELF AUTHENTICATION

20. Plaintiffs hereby give notice, pursuant to Tex.R.Civ.P. 193.7, of Plaintiffs' intent to utilize against the party producing same any document produced in response to written discovery served by these Plaintiffs, and any documents exchanged provided between the parties (including but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

### J. MISNOMER, ALTER-EGO, ASSUMED NAME

21. In the event any parties are misnamed or not included herein, it is Plaintiffs' contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Plaintiffs rely upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq.,

and Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE in order to property identify the Defendant herein.

### K. DESIGNATED E-SERVICE EMAIL ADDRESS

22. The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: E-Service@KTCLAWFIRM.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

### L. PRAYER

23. For these reasons, Plaintiffs ask that the Court issue citation for Defendant to appear and answer, and that Plaintiffs be awarded a judgment against Defendant for the following:

    a.    Actual damages;
    b.    Exemplary damages;
    c.    Prejudgment and post judgment interest;
    d.    Court costs; and
    e.    All other relief to which Plaintiffs are entitled.

Respectfully submitted,

**The Law Offices of Kelly T. Curran**

BY: *Ricky Kemph*
Ricky Kemph
State Bar No. 24077645
Midtown Office Center
5720 LBJ Fwy., Suite 440
Dallas, Texas 75240
Phone  (469) 730-3007
Fax     (469) 458-2993
ktclawfirm@gmail.com - E-Service address
**ATTORNEY FOR PLAINTIFFS**